[Cite as *State v. Britford*, 2026-Ohio-2925.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                    :               No. 25AP-600
                                                 (C.P.C. No. 08CR-6158)
v.                                                     :

Quian R. Britford,                                     :               (REGULAR CALENDAR)

        Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on July 30, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Jeffrey D. Devereaux*, for appellee.

**On brief:** *Quian R. Britford*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, Quian R. Britford, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his "Motion for Reconsideration Pursuant to Civ.R. 52," filed June 12, 2025. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In 2008, a Franklin County Grand Jury indicted Britford on one count of attempted murder, in violation of R.C. 2923.02 and 2903.02, with a firearm specification; one count of felonious assault, in violation of R.C. 2903.11, with a firearm specification; and one count of having a weapon while under disability, in violation of R.C. 2923.13. After initially entering a not guilty plea to those charges, Britford withdrew that plea and entered an Alford Plea to one count of felonious assault and the attendant firearm specification. On October 5, 2009, the trial court accepted Britford's plea, found him guilty, and sentenced

him to a jointly recommended prison sentence of seven years for his felonious assault conviction, plus a consecutive three years for the firearm specification. Britford attempted to appeal that judgment, but this court dismissed that appeal because he did not file the appeal within 30 days of the date of the entry of judgment as required by App.R. 4(A).

{¶ 3} After the dismissal of the appeal, Britford immediately began to file various motions, including a petition for postconviction relief pursuant to R.C. 2953.21. The trial court denied the petition for postconviction relief and the other pending motions, noting that "[t]he repeated filing of the same motions and motions having different captions but the same, previously-rejected arguments does not change this conclusion." (May 27, 2010 Decision & Entry at 2.) "Undeterred, [Britford] filed [a] motion to withdraw guilty plea pursuant to Crim.R. 32.1. [He] alleged claims of ineffective assistance of counsel, double jeopardy and other sentencing issues, and failure to properly accept his guilty plea. The trial court denied [his] motion, based on res judicata and appellant's failure to establish any basis for the withdrawal of his plea." *State v. Britford*, 2012-Ohio-1966, ¶ 4 (10th Dist.) ("*Britford I*"). Britford appealed, and this court affirmed. *See id.* at ¶ 14.

{¶ 4} Britford continued to file various motions relating to his conviction. For example, in February 2018, he filed a motion to void judgment. In March 2018, the trial court denied that motion, and Britford filed an untimely notice of appeal from that judgment. *See State v. Britford*, Franklin C.P. No. 08CR-6158, 2018 Ohio Misc. LEXIS 5726 (Mar. 16, 2018) ("*Britford II*"). On June 1, 2018, Britford filed another petition for postconviction relief, which the trial court denied. A few weeks later, Britford filed a motion for findings of fact and conclusions of law pursuant to Civ.R. 52, which the trial court also denied. In August 2018 and August 2019, Britford filed additional petitions for postconviction relief, which were denied. Britford appealed from the trial court's denial of his August 2019 petition. In September 2020, this court overruled Britford's sole assignment of error but modified the trial court's judgment to reflect the dismissal (not denial) of Britford's August 2019 postconviction petition. *State v. Britford*, 2020-Ohio-4659, ¶ 17 (10th Dist.) ("*Britford III*").

{¶ 5} On May 22, 2023, Britford moved for jail-time credit. Eight days later, the trial court dismissed the motion as moot, and Britford appealed from that dismissal. In March 2024, this court found that Britford's sole assignment of error was moot and

accordingly dismissed the appeal. *State v. Britford*, 2024-Ohio-820 (10th Dist.) ("*Britford IV*").

{¶ 6} In April and May 2025, Britford filed additional petitions for postconviction relief. On June 10, 2025, the trial court dismissed those petitions based on its finding that they did not meet the requirements under R.C. 2953.23(A) for untimely or successive postconviction petitions. Two days later, Britford filed a "Motion for Reconsideration Pursuant to Civ.R. 52," requesting that the trial court provide findings of fact and conclusions of law in connection with its dismissal of his April and May 2025 postconviction petitions. The trial court denied this motion.

{¶ 7} Britford timely appeals.

## II. Assignments of Error

{¶ 8} Britford assigns the following five assignments of error for our review:

> [I.] The trial Court errored in the prejudice of the defendant and abused its discretion when the issue dealing with the lack of Subject Matter Jurisdiction arising up out of the lack of Probable Cause Affidavit not being filed invalidates the arrest warrant and renders the Judgment Entry void ab initio and requires the charges to be dismissed with prejudice when the legal issue at hand is premised on a direct attack on a judgment being void.

> [II.] The trial Court errored in the prejudice of the defendant abused the Courts discretion when convicting the defendant on a Unconstitutional Statute "290.11" doesn't exist in the Ohio Revised Code Hand Book and violates the principle of legality rendering the Judgment Entry void ab initio.

> [III.] The trial Court errored in the prejudice of the defendant and abused its discretion when the trial Court failed to comply with Loc R. 21.01, by allowing the state to file a responce Untimely in complete disregard for Loc R. 21.01 and Civ. R 6(C), violates the defendant procedural due process rights to have a fair notice and opportunity to be heard.

> [IV.] The trial court erred in the prejudice of the defendant and abused its discretion by denying the defendant second motion to vacate Sentence and Void Conviction by not affording the prosecution for a chance to respond in accordance with Loc R. 21.01 violated the defendants procedural right to due process to fair oppurtunity to be heard and to a meaningful opportunity to have fair notice.

[V.] The trial court erred in the prejudice of the defendant-appellant and abused its discretion by denying the defendants first and second Motion to Vacate Sentence and void Conviction without compling with Civ R 52, and issue findings and facts of Conclusion of Law.

(Sic passim.)

## III. Discussion

{¶ 9} Because they involve interrelated issues, we discuss together all five of Britford's assignments of error. His first assignment of error alleges that the trial court erred in failing to void his judgment of conviction and sentence. His second assignment of error contends that his conviction was void because it was based on a non-existing statute. His third and fourth assignments of error allege that the trial court violated his due process rights by failing to comply with a local rule and a procedural rule. And in his fifth assignment of error, Britford argues that the trial court erred in not complying with Civ.R. 52. In view of the judgment appealed from, we construe Britford's assignments of error as challenging the trial court's dismissal of his April and May 2025 petitions for postconviction relief and the trial court's denial of his June 2025 request for findings of fact and conclusions of law relating to those dismissals. These challenges have no merit.

{¶ 10} A person convicted of a crime may assert a civil, collateral attack of the conviction upon showing that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a)(i). Such a petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *State v. Sidibeh*, 2013-Ohio-2309, ¶ 8 (10th Dist.), quoting *State v. Murphy*, 2000 Ohio App. LEXIS 6129 (10th Dist. Dec. 26, 2000). A postconviction petition does not provide a petitioner with a second opportunity to litigate his or her conviction. *Id.* at ¶ 8, citing *State v. Hessler*, 2002-Ohio-3321, ¶ 23 (10th Dist.). Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' " *Id.*, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

{¶ 11} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 365 days after the expiration of the time for filing an appeal. A trial court may not entertain an untimely or successive postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). Alternatively, a trial court may consider such a petition if the petitioner satisfies R.C. 2953.23(A)(2), which relates to claims of actual innocence based on DNA testing. These requirements are jurisdictional. *State v. Hollingsworth*, 2009-Ohio-1753, ¶ 8 (10th Dist.); *see State v. Apanovitch*, 2018-Ohio-4744, ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

{¶ 12} The doctrine of res judicata places another restriction on the availability of postconviction relief. *Sidibeh* at ¶ 12. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis deleted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Hessler* at ¶ 27. Although res judicata may bar a petition, the threshold inquiry is whether the petitioner has met the jurisdictional requirements of R.C. 2953.23(A).

{¶ 13} Britford's postconviction petitions at issue in this appeal were filed in April and May 2025, well beyond the filing deadline prescribed by R.C. 2953.21(A). These were also successive postconviction petitions, as Britford previously filed numerous such petitions. Even so, in support of his April and May 2025 petitions, Britford did not even argue that he satisfied the requirements of R.C. 2953.23(A) for filing untimely and

successive petitions. Instead, he argued that his rights under the Fourth Amendment to the United States Constitution were violated in connection with his arrest, and that he was charged and convicted of violating a non-existing statute. Thus, because Britford failed to show that he was unavoidably prevented from discovering the facts necessary for the claim for relief, that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, or that he was innocent based on DNA testing, the trial court properly dismissed these petitions for lack of jurisdiction.

{¶ 14} Two days after the trial court dismissed Britford's April and May 2025 postconviction petitions, he filed a motion, citing Civ.R. 52 in support, requesting findings of fact and conclusions of law relating to the trial court's dismissal of his petitions. Pursuant to Civ.R. 52, "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law." Although not cited by Britford, we note that a trial court must issue findings of fact and conclusions of law when denying a timely filed petition for postconviction relief. R.C. 2953.21(D) and (H). However, a trial court "is not required to issue findings of fact and conclusions of law when a petition for postconviction relief is filed outside the time prescribed in R.C. 2953.21(A)." *State v. Everett*, 2022-Ohio-3804, ¶ 9 (1st Dist.).

{¶ 15} Here, the trial court, in reviewing Britford's request for findings of fact and conclusions of law, mistakenly rejected Britford's reliance on Civ.R. 52 based on its incorrect observation that the rules of civil procedure do not govern postconviction petitions. *See State v. Stepherson*, 2018-Ohio-4292, ¶ 4 (10th Dist.) ("postconviction relief petitions are governed by the rules of civil procedure"). But this was not prejudicial because neither Civ.R. 52 nor R.C. 2953.21 (even if it had been cited) required the trial court to make findings of fact or conclusions of law. Clearly, no questions of fact were tried to the trial court, and Britford's petitions were untimely. Thus, the trial court properly denied Britford's June 12, 2025 motion that requested findings of fact and conclusions of law relating to the trial court's dismissal of his April and May 2025 postconviction petitions.

{¶ 16} In this appeal, the plaintiff-appellee, State of Ohio, requests that this court impose sanctions on Britford based on his frivolous conduct. App.R. 23 states: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." *Talbott v. Fountas*, 16 Ohio App.3d 226 (10th Dist. 1984), paragraph one of the syllabus. *See Donahue v. McKee*, 2022-Ohio-1037, ¶ 10 (10th Dist.). "The purpose of sanctions under App.R. 23 is to compensate the non-appealing party for the expense of having to defend a spurious appeal and to help preserve the appellate calendar for cases worthy of consideration." *Smith-Evans v. Lavelle*, 2010-Ohio-1074, ¶ 15 (10th Dist.).

{¶ 17} We find that Britford has engaged in sanctionable conduct. In Britford's appeal of the trial court's denial (which was modified to a dismissal) of his August 2019 postconviction petition, this court expressly noted that "[p]ostconviction relief petitions have well-delineated timeliness requirements. The limits on untimely postconviction claims are jurisdictional." *Britford III* at ¶ 17. In support of his August 2019 petition, Britford argued that his conviction was void because the indictment did not comply with Crim.R. 3, but he made no attempt to meet the jurisdictional requirements of R.C. 2953.23(A). This court found that Britford's August 2019 petition was untimely by more than 14 years, and that "nothing in the record indicates that [the petition] satisfies the exceptions of R.C. 2953.23(A) that might allow for untimely filing." *Id*. at ¶ 18. Nonetheless, Britford filed additional petitions for postconviction relief in April and May 2025, again without attempting to demonstrate compliance with the jurisdictional requirements set forth in R.C. 2953.23(A) for untimely or successive petitions. Then, two days after the trial court properly dismissed his April and May 2025 petitions, Britford requested findings of fact and conclusions of law relating to the dismissal, citing a rule that was clearly inapplicable. And now, Britford challenges the trial court's rulings without any reasonable basis for reversal. Britford's repeated filing of postconviction petitions, without providing any new information that plausibly could support a showing of the requirements of R.C. 2953.23(A), and then appealing the proper dismissal of those petitions, cannot be condoned and warrants a sanction.

{¶ 18} For these reasons, we grant the state's request to impose sanctions on Britford pursuant to App.R. 23.

## IV. Disposition

{¶ 19} Having overruled all five of Britford's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. Additionally, because Britford's appeal is frivolous, we order him to pay the state $250 as a sanction.

*Judgment affirmed*;
*state's request for sanctions granted.*

BOGGS, P.J., and EDELSTEIN, J., concur.